UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TERRY RATCLIFFE, on behalf of herself and all others similarly situated,<br><br>     Plaintiff,<br><br> v.<br><br>FOOD LION, LLC,<br><br>     Defendant. | COLLECTIVE ACTION COMPLAINT<br><br>**Jury Trial Demanded**<br><br>**Civil Action No.** _____ |

**COLLECTIVE ACTION COMPLAINT**

Plaintiff Terry Ratcliffe ("Plaintiff" or "Ratcliffe"), individually and on behalf of all others similarly situated, by her attorneys, for claims against Defendant Food Lion, LLC, ("Food Lion" or "Defendant") alleges and complains as follows:

**NATURE OF THE ACTION**

1. This lawsuit seeks to recover unpaid overtime compensation for Plaintiff and her similarly situated co-workers who worked for Defendant in the United States as exempt-classified Assistant Store Managers ("ASMs").

2. Plaintiff brings this action to recover unpaid overtime compensation for herself and similarly situated employees as a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA").

3. Although ASMs' primary duty is to perform non-managerial manual duties similar to those performed by non-exempt employees, Food Lion classifies all ASMs as "executives" exempt from the overtime requirements of federal and state laws.

4. Food Lion required Plaintiff and all of its other ASMs to work long overtime hours without paying them any overtime compensation.

5. Regardless of the number of hours worked, ASMs do not receive overtime compensation.

6. Plaintiff and other ASMs performed substantially the same duties in all Food Lion stores.

7. Plaintiff and other ASMs spent the majority of their time performing the same duties that hourly employees performed, including unloading trucks and stocking shelves; building displays; cleaning the store; and standing in as cashiers, stockers, or other hourly workers.

8. Throughout the relevant period, it has been Food Lion's policy to deprive its non-exempt ASMs of earned wages by failing to pay them overtime premiums for the hours they work in excess of 40 hours in a workweek, as required by the federal and state law.

9. By the conduct described in this Complaint, Food Lion violated and continues to violate the Fair Labor Standards Act ("FLSA") by failing to pay ASMs, including Plaintiff, proper overtime wages as required by law. These violations arise out of Food Lion's uniform company-wide policies and their pattern or practice of violating wage and hour laws. Food Lion's payroll and compensation policies and practices with respect to ASMs are uniform and do not vary from ASM to ASM.

## THE PARTIES

*Plaintiff Terry Ratcliffe*

10. Plaintiff Terry Ratcliffe is an adult individual who is a resident of Woodbury, Tennessee.

11. Ratcliffe was employed by Defendant as an ASM in Charlottesville, Virginia from approximately June 2012 to March 2013, and then worked as an ASM in Livingston, Tennessee from approximately March 2013 to November 2016, when she was promoted to Store Manager.

12. As an ASM, Ratcliffe regularly worked more than 40 hours per week and often worked between 50 and 55 hours per week.

13. Ratcliffe is a covered employee within the meaning of the FLSA.

14. Ratcliffe's written Consent to Join form is attached as Exhibit A.

*Defendant Food Lion*

15. Defendant Food Lion is a corporation and a wholly-owned subsidiary of Ahold Delhaize, an international retail group that is based in the Netherlands and primarily active in the United States and Europe.

16. Food Lion has more than 1,000 grocery store locations in ten states, mainly throughout the Southeastern and Mid-Atlantic United States. Food Lion employs approximately 63,000 people and serves about 10 million customers a week.

17. Throughout the relevant period, Defendant has been a covered employer within the meaning of the FLSA.

18. At all times relevant, Food Lion maintained control, oversight, and direction over Plaintiff and similarly situated employees, including with respect to the timekeeping, payroll, and other employment practices that applied to them.

19. Food Lion applies the same employment policies, practices, and procedures to all ASMs at all Food Lion stores, including policies, practices, and procedures with respect to the payment of overtime compensation.

20. Throughout the relevant period, Defendant's annual gross volume of sales made or business done was not less than $500,000.

## JURISDICTION AND VENUE

21. This Court has original subject matter jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331.

22. The United States District Court for the Middle District of Tennessee has personal jurisdiction over Defendant because the Company does business in Tennessee and in this District, and because some of the acts complained of and giving rise to the claims alleged occurred in and emanated from this District.

23. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District.

## COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff brings the First Cause of Action, on behalf of herself and all similarly situated persons who have worked for Defendant as ASMs between March 17, 2015 through the date of final judgment in this matter who elect to opt in to this action (the "FLSA Collective"). Pursuant to applicable tolling agreements, the statute of limitations for any claim under the FLSA for Plaintiff and the FLSA Collective was tolled for 219 days.

25. Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective.

26. The FLSA claims in this lawsuit should be adjudicated as a collective action. Upon information and belief, there are many similarly situated current and former employees of Defendant who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendant, are readily

identifiable, and can be located through Defendant's records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

27. All of the work that Plaintiff and the FLSA Collective performed has been assigned by Defendant and/or Defendant has been aware of all of the work that Plaintiff and the members of the FLSA Collective have performed.

28. Upon information and belief, Defendant's business is a centralized, top-down operation controlled by Defendant.

29. Consistent with Defendant's policy and pattern or practice, Plaintiff and the members of the FLSA Collective were not paid premium overtime compensation when they worked beyond 40 hours in a workweek.

30. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the members of FLSA Collective. This policy and pattern or practice includes, but is not limited to:

   a. willfully failing to pay its employees, including Plaintiff and the members of the FLSA Collective, premium overtime wages for hours that they worked in excess of 40 hours per workweek;

   b. willfully misclassifying Plaintiff and the members of the FLSA collective as exempt from the protections of the FLSA; and

   c. willfully failing to record all of the time that its employees, including Plaintiff and the members of the FLSA Collective, have worked for the benefit of Defendant.

31. Defendant is aware or should have been aware that federal law required it to pay Plaintiff and the members of the FLSA Collective overtime premiums for hours worked in excess of 40 per workweek.

32. Defendant's unlawful conduct has been widespread, repeated, and consistent.

33. There are many similarly situated current and former ASMs who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

34. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b). Similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

35. Throughout their employment with Defendant, Plaintiff and the members of the FLSA Collective consistently worked more than 40 hours per week.

36. The primary job duties of Plaintiff and the members of the FLSA Collective are uniform throughout Defendant's stores.

37. Defendant was aware that Plaintiff and the members of the FLSA Collective worked more than 40 hours per workweek, yet Defendant failed to pay overtime compensation for hours worked over 40 in a workweek.

38. Defendant did not keep accurate records of hours worked by Plaintiff or the members of the FLSA Collective.

39. The work hours of Plaintiff and the members of the FLSA Collective are not recorded on paystubs.

40. Defendant did not require Plaintiff or the members of the FLSA Collective to clock in or out, or otherwise record their time.

41. The primary duties of Plaintiff and the Members of the FLSA Collective were routine, non-exempt tasks including, but not limited to:

    a. working the cash register;

6

Case 3:18-cv-01177   Document 1   Filed 10/22/18   Page 6 of 10 PageID #: 6

      b.      performing customer service tasks;

      c.      stocking;

      d.      unloading the truck; and

      e.      cleaning the store.

42. Plaintiff and the members of the FLSA Collective spent the majority of their time performing these duties that were the same as or similar to tasks performed by hourly, non-exempt employees.

43. The primary job duties of Plaintiff and the members of the FLSA Collective as ASMs did not include:

      a.      hiring;

      b.      firing;

      c.      making recommendations for hiring, firing, or other employment decisions;

      d.      scheduling; or

      e.      disciplining other employees.

44. The primary job duties of Plaintiff and the members of the FLSA Collective were not directly related to Defendant's management or general business operations.

45. The primary job duties of Plaintiff and the members of the FLSA Collective did not include the exercise of discretion or independent judgment regarding matters of significance.

46. Plaintiff and the members of the FLSA Collective were not involved in planning Defendant's long or short term business objectives.

47. Plaintiff and the members of the FLSA Collective did not formulate, affect, implement or interpret Defendant's management policies or operating practices.

48. Plaintiff and the members of the FLSA Collective did not carry out major assignments that affected Defendant's business operations.

49. Plaintiff and the members of the FLSA Collective did not have authority to commit Defendant in matters that had significant financial impact.

50. Plaintiff and the members of the FLSA Collective could not waive or deviate from Defendant's established policies or procedures without prior approval.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act, 29 U.S.C. §§ 201** *et seq.*
**On behalf of Plaintiff and the FLSA Collective**

51. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

52. Defendant engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Collective Action Complaint.

53. At all times relevant, Plaintiff and the members of the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

54. The overtime wage provisions set forth in the FLSA apply to Defendant and protect Plaintiff and the FLSA Collective.

55. Defendant was an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

56. At all times relevant, Plaintiff and the members of the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

57. Defendant employed Plaintiff and the members of the FLSA Collective as an employer and/or a joint employer.

58. Defendant failed to pay Plaintiff and the members of the FLSA Collective the overtime wages to which they are entitled under the FLSA.

59. Defendant's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional.

60. Defendant did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and the members of the FLSA Collective.

61. Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

62. As a result of Defendant's violations of the FLSA, Plaintiff and the members of the FLSA Collective have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time since March 17, 2015, been employed by Defendant as ASMs. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. A trial by jury;

C. Unpaid overtime under the FLSA;

D. Liquidated damages permitted under the FLSA;

E. Appropriate equitable and injunctive relief to remedy Defendant's violations, including but not necessarily limited to an order enjoining Defendant from continuing their unlawful practices;

F. Pre-Judgment and Post-Judgment interest, as provided by law;

G. Attorneys' fees and costs of suit, including expert fees; and

H. Such other injunctive and equitable relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: October 22, 2018

Respectfully submitted,

**YEZBAK LAW OFFICES PLLC**

By: /s/ Charles P. Yezbak
Charles P. Yezbak, III (TN Bar No. 18965)
YEZBAK LAW OFFICES PLLC
2002 Richard Jones Rd. Suit B-200
Nashville, Tennessee 37215
Telephone: (615) 250-2000

Justin Swartz (*pro hac vice* motion forthcoming)
Deirdre Aaron (*pro hac vice* motion forthcoming)
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000

Laura Iris Mattes (*pro hac vice* motion forthcoming)
OUTTEN & GOLDEN LLP
One California Street, 12th Floor
San Francisco, California 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810

*Attorneys for Plaintiff and the Putative FLSA Collective*