IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TERRY RATCLIFFE,                )
                                )
    Plaintiff,                  )
                                )   NO. 3:18-cv-01177
v.                              )   JUDGE RICHARDSON
                                )
FOOD LION, LLC,                 )
                                )
    Defendant.                  )

## MEMORANDUM OPINION

Pending before the Court is Plaintiff's Motion for Conditional Certification and Court-Authorized Notice Pursuant to 29 U.S.C. § 216(b) (Doc. No. 29). Defendant has filed a Response (Doc. No. 48), and Plaintiff has filed a Reply (Doc. No. 49).

## BACKGROUND

Plaintiff alleges that she and other Assistant Store Managers ("ASMs") who have worked for Defendant in Food Lion stores have been misclassified as "exempt" workers under the Fair Labor Standards Act ("FLSA") and have been denied overtime compensation for overtime hours regularly worked. Plaintiff contends that ASMs should not have been classified as "exempt" under the FLSA because they spend the majority of their time performing the same duties that hourly employees perform. She asserts that Defendant's company-wide policies, patterns and practices violate the FLSA. Plaintiff asks the Court to conditionally certify "a proposed collective of Assistant Store Managers who worked at any Food Lion location in the United States between March 17, 2015 and the present and whom Food Lion classified as exempt." Doc. No. 29.

# CONDITIONAL CERTIFICATION STANDARD

The FLSA provides that a collective action to recover compensation may be maintained against any employer by any one or more employees for and on behalf of themselves and other employees similarly situated. 29 U.S.C. § 216(b). Unlike class actions under Fed. R. Civ. P. 23, FLSA collective actions require similarly situated employees to "opt in" as party plaintiffs. Also, because the FLSA requires only that the employees be "similarly situated," plaintiffs seeking to certify a collective action under the FLSA face a lower burden[1] than those seeking to certify a class under Rule 23. *Watson v. Advanced Distribution Servs.*, 298 F.R.D. 558, 561 (M.D. Tenn. 2014).

Generally, courts recognize a two-step process to determine whether plaintiffs are similarly situated. *Bradford v. Logan's Roadhouse, Inc.*, 137 F. Supp. 3d 1064, 1071 (M. D. Tenn. 2015). The first step[2] takes place at the beginning of discovery,[3] where the plaintiff bears the burden of showing that employees in the purported class are similarly situated. *Id*. The plaintiff must show only that her position is similar, not that it is identical, to the positions held by the putative class members. *Id*. (citing *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006)). At this

---

[1] The burden of proof is relatively slight at this stage of the case because the court is not making a substantive determination on the basis of all the evidence but simply adopting a procedure which permits notice to be given to other potential class members. *Gunn v. NPC Int'l, Inc.*, No. 13-1035, 2016 WL 7223466, at * 3 (W.D. Tenn. Dec. 13, 2016).

[2] If reached, the second step takes place after all of the opt-in forms have been received and discovery has concluded. *Brasfield v. Source Broadband Servs., LLC,* 257 F.R.D. 641, 642 (W.D. Tenn. 2009). At the second step, after discovery, the defendant may move to decertify the conditional class.

[3] Where parties have been permitted to conduct some limited discovery to determine whether a class of similarly situated plaintiffs may exist, courts have adopted a sort of "hybrid" standard, also called a "modest plus" standard for evaluating the propriety of conditional certification. *Creely v. HCR ManorCare, Inc.,* 789 F. Supp. 2d 819, 823 (N.D. Ohio 2011). The parties have not requested and the Court need not apply such a standard here.

first stage, courts use a "fairly lenient standard" that typically results in conditional certification of a representative class. *Id*.

Although the required factual showing is "modest," it cannot be satisfied simply by unsupported assertions. *Medley v. Southern Health Partners, Inc.*, Case No. 1:17-cv-00003, at * 5 (M.D. Tenn. Aug. 15, 2017). The named plaintiff must present some factual support for the existence of a class-wide policy or practice that violates the FLSA. *Id*. A plaintiff must submit evidence establishing at least a colorable basis for her claim that a class of similarly situated plaintiffs exists, and the fact that a defendant submits competing declarations will not as a general rule preclude conditional certification. *Id*. At the first stage, a plaintiff must present substantial allegations supported by declarations; if the plaintiff meets that burden, a court, in its discretion, may conditionally certify the case as a collective action. *Id*.

A court may consider the factual record developed to date when determining whether the plaintiff has met her evidentiary burden, but the court does not resolve factual disputes, decide substantive issues going to the merits, or make credibility determinations at this first stage. *Bradford*, 137 F. Supp. 3d at 1072. If a court determines that conditional certification is warranted, it may authorize the notification of similarly situated employees to allow them to opt into the lawsuit. *Id*. Such certification is conditional and by no means final. *Id*.

### SIMILARLY SITUATED EMPLOYEES

The FLSA does not define the term "similarly situated," but courts have held that plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy and when proof of that policy or of conduct in conformity with that policy proves a violation as to all plaintiffs. *Bradford*, 137 F. Supp. 3d at 1071; *Watson*, 298 F.R.D. at 561. Employees may be similarly situated if their claims are unified by common theories of the defendant's statutory violations, even

if the proofs of these theories are individualized and distinct. *Id.* In the FLSA context, courts have consistently required the plaintiffs to show that the class members were together the victims of a "single decision, policy, or plan" before they will certify a collective action. *Pacheco v. Boar's Head Provisions Co.*, 671 F. Supp. 2d 957, 961 (W.D. Mich. 2009).

## ANALYSIS

Plaintiff claims that Defendant's policies, practices and procedures are the same in all Food Lion stores.[4] She alleges that Defendant uniformly assigns the same job description and duties across all grocery store locations. Plaintiff contends that she and other ASMs regularly worked more than 40 hours per week and were paid no overtime compensation. She alleges that the primary duties of ASMs are, contrary to the uniform job description, non-managerial, manual duties similar to those performed by hourly employees. She asserts that she and other ASMs performed substantially these same duties in all Food Lion stores.

In support of her claim, Plaintiff has filed the job description for ASMs (Doc. No. 31-3). The job description, however, is not evidence of Defendant requiring ASMs to engage in primarily non-managerial duties. In fact, the job duties listed in the ASM job description are primarily managerial. (*Id.*)

Defendant does not dispute that Food Lion has unvarying policies and job descriptions for its ASMs. Defendant *does* dispute that ASMs' primary duties are anything other than managerial duties, as set forth in the job description for ASMs. As noted, the job description Plaintiff filed

---

[4] Plaintiff also asserts that Defendant has a uniform policy of classifying all ASMs as "exempt" under the FLSA. It is not enough, however, for a plaintiff to simply assert that the employer applied a similar classification to all purported class members. *Lankford v. CWL Investments, LLC*, No. 13-cv-14441, 2014 WL 3956184, at * 5 (E.D. Mich. Aug. 13, 2014) and cases cited therein.

does not require ASMs to perform primarily non-managerial duties. (*Id.*)[5] The job description on its face does not evidence that Defendant violates the classification provisions of the FLSA or that ASMs are required to perform non-managerial duties.

Because the job description for all ASMs does not require them to perform primarily non-managerial tasks, the Court must determine whether the purported class members were subject to the same *unwritten* policy of requiring ASMs to perform primarily non-managerial duties.[6] In other words, the question is whether Defendant's uniform practice or policy is to *not* follow the job description. So, in order to determine whether this case is suited for conditional certification, the Court must review the evidence to determine whether there is a factual basis for Plaintiff's claim that Defendant's company-wide, common practice was to *not* follow its written job description for ASMs. *See Pacheo*, 671 F. Supp. 2d at 962.

The key disputed issue here concerns actual (even if unwritten) ASM job duties. To demonstrate a factual basis for conditional certification, Plaintiff must provide some evidence that similarly situated ASMs were required by a single, FLSA-violating policy to perform primarily non-managerial duties. *Pacheco*, 671 F. Supp. 2d at 961 (noting that courts have consistently required the plaintiffs to show that the class members were together the victims of "a single decision, policy, or plan" before they will certify a collective action).

Plaintiff has submitted her own declaration and the declarations of thirteen other Food Lion ASMs from numerous stores in North Carolina, South Carolina, Virginia, West Virginia and Maryland. Each of these declarations describes a situation in which the ASM was required to work

---

[5] As Plaintiff agrees, this job description is uniform throughout the company.

[6] Plaintiff's case is premised on the alleged "disconnect" between Defendant's written job description on the one hand, and what actually happens in practice on the other hand.

extra hours and perform duties of hourly employees so that the store could meet its labor budget goals (Doc. Nos. 31-8 through 31-20). Each declarant states that he/she spent a majority of his/her time performing the duties of hourly employees rather than managerial duties. *Id.* Although requiring exempt, salaried employees to work more than 40 hours per week without additional compensation does not violate the FLSA, requiring ASMs to perform primarily non-managerial tasks with no additional compensation after 40 hours could be a violation.

Defendant has filed declarations of 34 ASMs who state that they do *not* perform primarily non-managerial duties. The Court cannot, at this stage of the litigation, resolve the factual disputes that Defendant's declarations create.[7] The balancing of competing declarations would require credibility determinations, which are inappropriate at this stage of the litigation. The Court cannot decide substantive issues going to the ultimate merits or make credibility determinations now. *Crosby v. Stage Stores, Inc.*, 348 F. Supp. 3d 742, 747 (M.D. Tenn. 2018).[8]

Defendant also contends that this case is controlled by prior conclusions that Food Lion ASMs were properly classified as exempt. This collateral estoppel type of argument misses the point. A Fourth Circuit Court of Appeals unpublished decision from 1998 is not binding on this Court, and circumstances over *twenty-one years* since that decision undoubtedly have changed. In addition, the Fourth Circuit decision[9] involved a motion for summary judgment, not conditional

---

[7] Similarly, for the same reasons, the Court will not consider, in connection with this motion, the personnel records and summary chart filed by Defendant.

[8] Even if the Court otherwise could consider these declarations, "happy camper" declarations, such as those filed by Defendant (so-called because they tend to be from present or former employees handpicked by a defendant/employer due to their lack of grievances), are routinely given little or no weight at the conditional certification stage. *Id.* at 749 (collecting cases); *Stephens v. Sopapillas, LLC*, No. 3:18-cv-00296, 2019 WL 1460878, at * 4, n. 4 (M.D. Tenn. Apr. 2, 2019).

[9] *In re Food Lion, Inc.*, 151 F.3d 1029 (4th Cir. 1998).

certification. Therefore, the question was not whether similarly situated employees should be joined; rather, it was whether the plaintiff had presented sufficient evidence to raise a genuine issue of fact as to whether the defendant violated the FLSA. Moreover, Plaintiff would not be collaterally estopped by the prior decision because she was not a party to that litigation or given a full and fair opportunity to litigate the issue. *See In re Trost*, 735 F. App'x 875 (6th Cir. 2018); *Keszthelyi v. United States*, No. 1:05-cv-303, 2011 WL 1884007, at * 13 (E.D. Tenn. May 17, 2011).[10]

Despite its refusal to rely on Defendant's proffered facts, the Court nevertheless concludes that Defendant prevails under applicable law. Courts have found three non-exhaustive factors to be relevant to the FLSA's similarly situated analysis (1) the factual and employment settings of the individual plaintiffs; (2) the different defenses to which the plaintiffs may be subject on an individual basis; and (3) the degree of fairness and procedural impact of certifying the action as a collective action. *Monroe v. FTS USA, LLC*, 860 F.3d 389, 397 (6th Cir. 2017).

With regard to the first two factors, while Plaintiff's declarations suggest that these declarant employees may have been subject to a FLSA-violating practice, she has not shown a company-wide policy (as opposed to various, entirely store-specific practices) or that Defendant's management instituted a policy to ignore the written job description and require ASMs to primarily perform hourly employees' duties. Moreover, Plaintiff has not shown that any ASM complained to management about this alleged common, company-wide policy. Although Plaintiff claims that the ASMs' authority and discretion to perform managerial tasks are circumscribed by Defendant's "corporate policies" (Doc. No. 30 at 13), she had not identified the substance or origin of those

---

[10] Similarly, the U.S. Department of Labor reports (cited by Defendant) concerning conditions at specific Food Lion locations in 2006 and 2009 (Doc. Nos. 48-1 and 48-2) are irrelevant to the issue before the Court of whether Plaintiff has sufficiently shown that purported class members are similarly situated.

alleged corporate policies. In addition, Plaintiff has not identified any directive from Defendant to require ASMs to perform primarily non-managerial tasks instead of the job duties in their job descriptions.

Because the purported class members were supervised by different individuals in different stores; because each class member would likely allege a different percentage of his or her time was spent on non-managerial tasks; and because the alleged FLSA-violating practice is contrary to Defendant's written job description, the individualized nature of the purported class members' claims make this case inappropriate for certification. *Pacheco*, 671 F. Supp. 2d at 966. In other words, the individual facts and employment settings of the various ASMs are different and could subject the individual class members to different defenses. In addition, the written job description does include, as one of the duties, "perform all other duties and projects as assigned." (Doc. No. 31-3 at 2). To what extent individual ASMs were assigned these "other duties and projects," and whether the nature and extent of those assignments were "enough" to violate the FLSA, are issues that would require the Court to look at each employee's specific situation and could foster plaintiff-specific defenses.

Finally, the Court finds that the degree of fairness and procedural impact of certifying the action as a collective action weighs against conditionally certifying this action. According to Plaintiff, Defendant operates more than 1,000 grocery stores. (Doc. No. 1 at ¶ 16). Defendant has shown (and Plaintiff has not disputed) that each store has two salaried employees: a store manager and an ASM (Doc. No. 48-3 at ¶ 8). The declarations filed in this case—by both Plaintiff and Defendant—collectively show that different store managers required their respective ASMs, vis-à-vis each other, to do different tasks (and different kinds of tasks) for different amounts of time. Litigation on a class-wide basis would be procedurally unwieldy and unfair both to Defendant

(who would have to litigate as to all its stores, all across the country, based on the allegations of barely a dozen declarations recounting declarant-specific circumstances) and to the potential class members (who might each have to litigate the individual facts of his/her individual situation).

The Court finds that Plaintiff has not carried her burden to show that she and the members of the purported class are similarly situated. Plaintiff has presented evidence from employees who have worked in some of Defendant's stores in some states in which Defendant's stores are located, and each of those declarations does allege circumstances possibly amounting to a declarant-specific FLSA violation. Plaintiff has not presented sufficient evidence, however, pointing to the existence of a single, common, company-wide, FLSA-violating practice or policy for purposes of conditional certification.

For these reasons, Plaintiff's Motion for Conditional Certification (Doc. No. 29) will be denied. An appropriate Order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE