IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TERRY RATCLIFFE, | ) |
| Plaintiff, | ) |
| | ) NO. 3:18-cv-01177 |
| v. | ) JUDGE RICHARDSON |
| FOOD LION, LLC, | ) |
| Defendant. | ) |

**ORDER**

Pending before the Court is Plaintiff's Motion for Reconsideration (Doc. No. 64), to which Defendant has filed a Response (Doc. No. 69) and Plaintiff has filed a Reply (Doc. No. 70). Plaintiff asks the Court to reconsider and change its Order (Doc. No. 62, "prior Order") that denied Plaintiff's Motion for Conditional Certification in this Fair Labor Standards Act ("FLSA") case.

**BACKGROUND**

The FLSA provides that, in appropriate cases, a court may conditionally certify a class of employees in an action against an employer for FLSA violations. 29 U.S.C. § 216(b). Plaintiff alleges that Defendant misclassified its Assistant Store Managers ("ASMs") as "exempt" under the FLSA because they were required to spend a majority of their time doing hourly workers' tasks, not managerial tasks. Plaintiff asked the Court to conditionally certify a class of all ASMs who worked at any Food Lion location in the United States between March 17, 2015 and the present and whom Food Lion classified as exempt. In its prior Order, the Court found that Plaintiff had not carried her burden to show that she and the members of the proposed class were similarly

situated for purposes of conditional certification. Plaintiff asks the Court to reconsider that decision.

## STANDARD OF REVIEW

Plaintiff has filed this Motion for Reconsideration pursuant to Fed. R. Civ. P. 54(b), which provides that any order that adjudicates fewer than all claims or the rights and liabilities of fewer than all parties "may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). District courts may afford such relief from interlocutory orders as justice requires. *Grae v. Corr. Corp. of Am.,* 330 F.R.D. 481, 490 (M.D. Tenn. 2019). Courts traditionally will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law, (2) new evidence available, or (3) a need to correct clear error or prevent manifest injustice. *Id.* (citing *Louisville/Jefferson Cty. Metro. Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009)). This standard vests significant discretion in district courts. *Kerns v. Caterpillar Inc.,* 144 F. Supp. 3d 963, 967 (M.D. Tenn. 2015). Here, Plaintiff clearly seems to rely only on the third of these alternatives.

In determining whether justice requires reversal of a prior interlocutory order, courts assess circumstances such as whether the court patently misunderstood the parties, whether the court made a decision beyond the adversarial issues presented, whether the court made an error in failing to consider controlling decisions or data, and whether a controlling or significant change in the law has occurred. *Said v. Nat'l R.R. Passenger Corp.*, 390 F. Supp. 3d 46, 50 (D.D.C. 2019). The Court must determine, within its discretion, "whether reconsideration is necessary under the relevant circumstances." *In Def. of Animals v. Nat'l Insts. of Health*, 543 F. Supp. 3d 70, 75 (D.D.C. 2008). The burden is on the moving party to show that reconsideration is appropriate and that harm or injustice would result if reconsideration were denied. *Said*, 390 F. Supp. 3d at 50.

Motions for reconsideration are not vehicles for either reasserting arguments previously raised and rejected by the court or presenting arguments that should have been raised previously with the court. *Id.* at 50-51.

**ANALYSIS**

The Court has considered Plaintiff's Motion, Defendant's Response, and Plaintiff's Reply, and has reevaluated its prior Order and Memorandum Opinion in this matter. In light of that reevaluation, the Court finds that its prior Order should be vacated, but not for the reasons argued by Plaintiff.

A plaintiff can meet her burden on a motion for conditional certification, at the first stage, by showing that she and potential plaintiffs together were victims of a common policy or plan that violated the law, although showing a unified policy of violations is not required. *Waggoner v. U.S. Bancorp.*, 110 F. Supp. 3d 759, 765 (N.D. Ohio 2015). Alternatively, a plaintiff can also meet her burden on conditional certification by showing that her claims and those of potential plaintiffs are "unified by common theories of defendant's statutory violations." [1] *Cross v. AMC Detroit, Inc.*, Case No. 18-11968, 2019 WL 2570371, at * 3 (E.D. Mich. June 20, 2019); *Waggoner*, 110 F.

---

[1] Plaintiff contends that the Court previously failed to consider this alternative way of showing that potential plaintiffs are similarly situated; that is, whether Plaintiff has shown that her claims relied on a unified common theory. The Court however, did not perceive Plaintiff as relying on this alternative method, and certainly did not see where Plaintiff expressly identified the unified, common theory of Defendant's statutory violations (as opposed to a company-wide policy) upon which she was relying. Even if the Court could attempt to identify this by inference, the lack of express specification is a substantial impediment to Plaintiff prevailing on such a theory, and thus the Court cannot find that it committed clear error by not finding certification appropriate under this alternative theory. *See, e.g.*, *Cross*, 2019 WL 2570371, at * 4 ("Plaintiffs argue that they need not establish an actual discriminatory policy or plan, but rather they must only establish a common theory of Defendant's statutory violations. But Plaintiffs do not expressly state what the common theory here would be."). In any event, as discussed herein, the Court is now finding a sufficient showing under the common-policy alternative.

3

Supp. 2d at 765. And the plaintiffs' claims may be unified by common theories even if proof of those theories is inevitably individualized and distinct. *Id.*; *Cross*, 2019 WL 2570371, at * 3.

In its Memorandum of Law (Doc. No. 65, "Memorandum") in support of the Motion for Reconsideration, Plaintiff faults the Court for failing to find that the claims of Plaintiff and putative class members were unified by common theories of liability. Although the Court does not believe that it committed clear error in this regard, it need not decide, because it is constrained to find that it committed clear error in determining that Plaintiff had not made the required "modest factual showing" that Plaintiff and putative class members together were victims of a common policy or plan that violated the law.

In its Memorandum, Plaintiff's primary specific argument on this point is one the Court cannot accept. Plaintiff contends that the Court previously "effectively require[ed] her to *prove* that the challenged policy was either (1) formalized in writing at the corporate level or (2) demonstrably in effect at each of Food Lion's more than 1,000 grocery store locations based on store-specific evidence." (Doc. No. 65 at 19). This contention is not supported by a citation to the prior Order, and it is simply incorrect. The Court never held that the common policy must be formalized in writing or demonstrably in effect at each of Food Lion's 1,000 stores. And contrary to Plaintiff's apparent implication via its use of italics, the Court did not require Plaintiff to "prove" anything beyond making the "modest showing" required under the applicable "fairly lenient" standard. *See Ware v. T-Mobile USA*, 828 F. Supp. 2d 948, 951 (M.D. Tenn. 2011) (quoting *Comer v. Wal–Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006)). With the correct standard in mind, the Court found that Plaintiff had not sufficiently shown a single, common, company-wide, FLSA-violating policy for purposes of conditional certification. (Doc. No. 62 at 9). Although the Court did not handle this issue the way Plaintiff claims, that does not mean that the Court resolved

4

Case 3:18-cv-01177   Document 71   Filed 11/20/19   Page 4 of 7 PageID #: 983

the issue correctly. Upon further review, the Court finds that it made a clear error in failing to adequately consider the ramifications of specific information in the declarations offered by Plaintiff, and that based on such information, Plaintiff has made the required modest factual showing of a common policy or plan of Defendant to violate the FLSA—that is, to have ASMs to work overtime performing duties of non-exempt employees in order to meet company labor budgets or goals. Plaintiff's 14 declarants described labor budgets set by Food Lion that included expectations for the number of hours non-exempt employees should work and expectations that no overtime would be allowed. The ASM declarants stated that, as a result of those labor restrictions, they were expected to work extra hours and perform the duties of hourly employees so that the stores could meet labor budget goals. *See* Doc. 31-7 through 31-20. One of the declarants, a store manager, stated that she regularly used ASMs to perform associate work to avoid going over her store's labor budget. Doc. No. 31-14 ("Because Assistant Store Managers are salaried, they are expected to work extra hours and perform the duties of hourly employees so that stores can meet their labor budget goals."). In its prior Order, the Court clearly did not adequately appreciate the extent to which the declarations support the notion of a company-wide policy or plan, rather than just a series of store-specific circumstances driven by individual store managers rather than corporate messaging.

      Thus, the Court holds that Plaintiff's showing is sufficient for the so-called first stage, *i.e.*, conditional certification. To the extent that the prior Order included other remarks and analysis not inconsistent with the Court's holding herein, the Court may or may not adhere to them if they come into play in the event Defendant moves later for decertification. The Court notes that Plaintiff takes issue with much of these other remarks and analysis, but (beyond saying that the law may be less

5

Case 3:18-cv-01177   Document 71   Filed 11/20/19   Page 5 of 7 PageID #: 984

monolithic than Plaintiff describes it to be) the Court reserves those contentions for the time, if ever, they need to be resolved.

To reiterate, upon reconsideration the Court finds that Plaintiff has sufficiently set forth a factual basis for finding, for purposes of conditional certification, a common policy or plan that allegedly violates the FLSA. Therefore, the Court vacates its prior Order (Doc. No. 61) and Memorandum Opinion (Doc. No. 62) and finds that Plaintiff's Motion for Conditional Certification (Doc. No. 29) should be granted. The Court will conditionally certify a class consisting of "Assistant Store Managers who worked at any Food Lion location in the United States between March 17, 2015, and the present and whom Food Lion classified as exempt."

## NOTICE

Due to the length of time since Plaintiff's Motion for Conditional Certification and Court-Authorized Notice was filed and because Defendant requested the opportunity for the parties to attempt to resolve their differences concerning the Proposed Notice, the parties are ordered to confer, attempt to come to some resolution about the Notice, and present a Joint Motion for Approval to the Court. If they cannot agree, each party shall submit her/its own Proposed Notice.

## CONCLUSION

As discussed above, Plaintiff's Motion to Reconsider (Doc. No. 64) is **GRANTED**, the Court's prior Order (Doc. No. 63) is **VACATED**, and the Court conditionally certifies a class consisting of "Assistant Store Managers who worked at any Food Lion location in the United States between March 17, 2015, and the present and whom Food Lion classified as exempt." A ruling on the Motion for Court-Authorized Notice is deferred.

6

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE