IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TERRY RATCLIFFE, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:18-cv-01177 |
| | ) JUDGE RICHARDSON |
| FOOD LION, LLC, | ) |
| Defendant. | ) |

## ORDER AND MEMORANDUM OPINION

Pending before the Court is Plaintiff's Motion to Extend Deadline to Join Collective Action (Doc. No. 100) ("Motion"). Defendant has filed a response in opposition (Doc. No. 106), and Plaintiff has filed a reply. (Doc. No.108). Plaintiff asks the Court to extend the deadline for potential collective action members who might choose to join this action ("potential plaintiffs") to return their consent-to-join forms ("consent forms") to "opt-in" to this Fair Labor Standards Act ("FLSA") collective action. Plaintiff also asks the Court to approve the distribution of an additional notice, one that informs all potential plaintiffs who have not submitted consent forms that the deadline has been extended.

After considering the positions of the parties, the Court finds that Plaintiff's Motion should be denied. Plaintiff has not carried her burden to show sufficient justification for extending the opt-in deadline in this matter or issuing a notice related to such an extension.

## BACKGROUND

Having conditionally certified a class of employees in this FLSA action (Doc. No. 71), on January 29, 2020 this Court approved notice to potential plaintiffs by U.S. mail and, if possible, by email. (Doc. No. 85). The Court also approved a "reminder notice" to be sent within 30 days

of the first notice to potential plaintiffs who had not yet returned their consent forms and for whom Defendant had no personal email address. (*Id*.) The Court ordered that the deadline for returning consent forms would be 60 days after the initial mailing; the initial mailing occurred on March 2, 2020, thus making the deadline May 1, 2020. (Doc. No. 106 at 2; Doc. No. 106-1 at 2). The original notices as well as the reminder notices have been sent. (Doc. No. 106 at 2, nn.1-2).

Since the Court's prior Order (Doc. No. 85), our country of course has experienced a national emergency in the form of the COVID-19 outbreak ("Pandemic"), which has indisputably affected all areas of our society. Plaintiff contends that the Pandemic is justification for extending the May 1, 2020 opt-in deadline and issuing an additional notice to potential plaintiffs.

## DISCUSSION

"The purpose of sending notice in FLSA actions is simply to inform potential class members of their rights. Once they receive the information, it is their responsibility to act as they see fit." *Rogers v. Webstaurant, Inc.* Civil Action No. 4:18-cv-00074-JHM, 2019 WL 691408, at * 2 (W.D. Ky. Feb. 19, 2019) (quoting *Wlotkowsji v. Mich. Bell Tel. Co.,* 267 F.R.D. 213, 220 (E.D. Mich. 2010)). Courts traditionally approve only a single method of notification unless there is a reason to believe that method is ineffective. *Hall v. U.S. Cargo and Courier Serv., LLC,* 299 F. Supp. 3d 888, 899 (S.D. Ohio 2018); *see also Rogers*, 2019 WL 691408, at * 2.[1] Here, the parties agreed to notice by U.S. mail and email.

In *Rogers*, the court noted that Sixth Circuit cases re-opening or extending the FLSA notice period are scarce. *Rogers*, 2019 WL 691408, at * 2. "The cases in this circuit and those from other

---

[1] The court may supervise the notice process, but in doing so, it "must take care to avoid even the appearance of judicial endorsement of the merits of the action." *Rogers*, 2019 WL 691408, at * 2 (quoting *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989)). To avoid any appearance of judicial endorsement, courts narrowly tailor notice to be given in specific mediums, with prescribed language, and distributed only to the extent necessary to inform the putative class. *Id*.

courts nationwide that address the issue, or one similar, tend to disfavor re-opening the notice period unless significant and severe circumstances so warrant." *Id.* (citing *Lewis v. Southeast Commercial Cleaning, LLC*, No. 14-cv-00003, 2015 WL 5697219, at * 2 (W.D. La. Sept. 28, 2015) (denying motion to re-open and extend opt-in period because plaintiffs failed to identify a single prospective claimant who wished to opt-in but was unable to do so)). The question before the Court here is whether the circumstances are significant and severe enough to warrant extending the opt-in deadline.

The Court has no hesitation in characterizing the Pandemic as engendering significant and severe circumstances. Whether they warrant reopening the notice period, however, is a different question—one that turns on the Pandemic's impairment (or lack thereof) of the ability of potential plaintiffs in this case to return their consent forms. Plaintiff has not identified a single prospective plaintiff who has not received notice and/or been unable to return his or her consent form because of the circumstances surrounding the Pandemic. Notice to potential plaintiffs was transmitted by U.S. mail and email (Doc. No. 85 at 2), neither of which have, to the Court's knowledge, been shut down because of the Pandemic.[2] Moreover, the notice authorized by the Court provided that potential plaintiffs could return their consent forms by U.S. mail (with a postage-paid envelope provided), fax, email, or electronic website submission. (Doc. No. 85-1 at 4). Plaintiff has provided no facts to show that any of these ways of returning the consent forms has been precluded for any person because of the Pandemic.

Although Plaintiff contends that the "extremely low numbers [of returned consent forms] strongly indicate that disruptions related to COVID-19 have impacted potential Opt-in Plaintiffs' receipt of and ability to respond to the Notice" (Doc. No. 100 at 4), there is no evidence before the

---

[2] To the contrary, to the Court is quite confident that neither has been shut down.

Court to support that entirely conclusory statement. The statement perhaps could be accurate, but based on the current record it is entirely speculative. Plaintiff has shown nothing to tie the numbers of returned consent forms to the Pandemic. Nor has Plaintiff been able to provide a reliable baseline for how many consent forms "should" have been returned, absent the Pandemic. The number that "should" be returned surely turns on the facts of each case, and it is sheer guesswork to say how many of the potential plaintiffs would have: (1) concluded that, all things considered (such as whether the potential plaintiff felt aggrieved and whether the potential plaintiff wanted to pursue a potential recovery even though he or she did not feel aggrieved), he or she was interested in opting in; and (2) actually acted on such interest by doing what it takes to effectively respond in the affirmative to the Notice.

Moreover, although the Court is aware of extended deadlines for various court proceedings (such as hearings, trials, and court filings) because of the Pandemic, Plaintiff has cited no case in which a court extended the opt-in deadline for an FLSA case because of the Pandemic.

For these reasons, Plaintiff's Motion to extend the opt-in deadline is **DENIED**. Plaintiff's second request, that the Court approve a third notice, this time giving notice of the extended deadline, is accordingly **DENIED** as well.[3] In light of the Court's ruling, it need not address Defendant's alternative suggestion (issuing a second notice to those who have not opted-in).

The Court's prior Order provides that any consent forms received by the claims administrator after the close of the 60-day notice period and "any unique or extenuating circumstances" presented for late submission will be considered by the parties on a case-by-case

---

[3] Another factor weighs against issuing another notice. As noted above, courts should avoid communicating to absent class members any encouragement to join the suit or any approval of the suit on its merits. *Rogers*, 2019 WL 691408, at * 3. "Duplicative notice poses a risk of suggesting both of these things." *Id*.

basis. (Doc. No. 85 at ¶ 10). To the extent that consent forms are submitted late—after the May 1 deadline—allegedly because of the Pandemic, the Court expects the parties to consider those consent forms in good faith, on a case-by-case basis.

    IT IS SO ORDERED.

                                                                 *Eli Richardson*
                                                                 ELI RICHARDSON
                                                                 UNITED STATES DISTRICT JUDGE