# EXHIBIT A

# TOLLING AGREEMENT

This Agreement is made by and between Food Lion LLC ("Food Lion"), and Antionette Gray ("Plaintiff"). This Agreement is for the benefit of Plaintiff and "Potential Plaintiffs" as that term is defined herein. "Potential Plaintiffs" are or were Assistant Store Managers, or employees in similar exempt managerial job positions with different titles, who were employed by Food Lion and worked in Food Lion supermarkets in the United States during the applicable limitations, who have potential legal claims against Food Lion that the Assistant Store Manager position was and is misclassified as exempt from the overtime obligations of the Fair Labor Standards Act and applicable state wage and hour laws.

WHEREAS Plaintiff was employed by Food Lion and has indicated her intent to file an action (the "Action") bringing claims on behalf of all Potential Plaintiffs under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and applicable state wage and hour laws;

WHEREAS Plaintiff and Food Lion agree that pre-litigation settlement discussions regarding of the Action are warranted;

NOW THEREFORE, for good and sufficient consideration, the receipt of which is hereby acknowledged, Plaintiff and Food Lion hereby agree as follows:

1. **Tolling Provision.** No statute of limitations on any claim under the FLSA or any state wage and hour law shall run against Plaintiff or Potential Plaintiffs and the same shall be tolled while this Agreement is in effect. This Agreement is effective as of April 27, 2018 and shall terminate 3 days after either party gives written notice of cancellation to the other. Neither party shall put forward or rely upon the period of time while this Agreement is in effect as a bar or laches or for any other purpose to defeat the claims made or to be made in the Action. This Agreement shall not be construed as a waiver of any statute of limitations defense that has become established as of the effective date of this Agreement, or which would arise after the termination of this Agreement. Nothing contained in this Agreement shall be deemed as an admission or waiver by any party with respect to any allegations, claims or defenses.

2. **Use of Agreement.** During the term of this Agreement, Plaintiff shall refrain and forebear from commencing, instituting, or prosecuting any lawsuit, arbitration, action, or other proceeding against Food Lion raising these FLSA or state wage and hour law claims without giving Food Lion 3 days written notice.

3. Further, during the term of this Agreement, Food Lion shall provide immediate written notice to counsel for Plaintiffs of any other pending, asserted, threatened, or contemplated litigation or claims, or any pending, contemplated, scheduled, or actual negotiation or mediation, on behalf of one or more Potential Plaintiffs of which Food Lion or its counsel is or becomes aware. Food Lion represents

1

that it does not know of any other pending, asserted, threatened, or contemplated litigation or claims, or pending, contemplated, scheduled, or actual negotiation or mediation, on behalf of one or more Potential Plaintiffs, except for the recent misclassification claim made through undersigned counsel by former Assistant Store Manager Matthew Losak, and except for the recent misclassification claim made by former Assistant Store Manager Alan Westing, who is represented by Justin M. Swartz, Esq. of Outten & Golden LLP in New York, New York, and which Food Lion made Plaintiff's undersigned counsel aware of on April 12, 2018. If another lawsuit or proceeding raising wage and hour claims is filed on behalf of one or more Potential Plaintiffs, or if a negotiation or mediation commences, Plaintiff may file her own lawsuit without providing Food Lion advance notice. Food Lion does not waive any claims or defenses other than what is described in this agreement.

4. **Modification.** This Agreement can be modified only in a writing signed by the parties. This Agreement shall constitute the entire understanding between the parties concerning the subject matter of this Agreement and supersedes and replaces all prior negotiations, proposed agreements, and agreements, written or oral, relating to this subject.

5. **Governing Law.** This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of North Carolina.

6. **Successors.** This Agreement shall bind and benefit each of the parties and their respective predecessors, successors, and assigns.

7. **Execution of Counterparts.** Separate counterparts of this Agreement may be executed by the parties with the same force and effect as if all such parties had executed a single copy of this Agreement.

8. **Authority to Bind.** Each counsel executing this Agreement represents and warrants that he or she has been authorized to enter into this Agreement on behalf of the part(ies) on whose behalf it is signed and that signatory has full and complete authority to do so.

9. **Notices.** Any notice, request, instructions or other document to be provided hereunder by any party to another party or other parties shall be in writing and delivered by electronic mail (effective on the day the electronic mail is sent) as follows:

If to Gray, address to:

Jason Conway
Conway Legal, LLC
1700 Market Street, Suite 1005
Philadelphia, Pennsylvania 19103
jconway@conwaylegalpa.com

2



If to Food Lion, addressed to:

Thomas P. Murphy
Jackson Lewis P.C.
10701 Parkridge Boulevard, Suite 300
Reston, Virginia 20191
thomas.murphy@jacksonlewis.com


Dated: _May 1_, 2018     Antionette Gray

                         By: _/s/ signature_
                             Jason Conway

Dated: _____, 2018  Food Lion LLC

                         By: _____
                             Thomas P. Murphy

4846-5210-7876, v. 1

3