# Exhibit A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| TERRY RATCLIFFE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FOOD LION, LLC,<br><br>Defendant. | Civil Action No. 18-cv-01177<br><br>Judge Eli J. Richardson<br><br>Magistrate Judge Alistair Newbern |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S
UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT,
SERVICE AWARDS, ATTORNEYS' FEES AND COSTS, AND DISMISSAL OF
LAWSUIT**

The above-entitled matter came before the Court on Plaintiff's Motion for Approval of Settlement, Service Awards, Attorneys' Fees and Costs, and Dismissal of Lawsuit ("Approval Motion"). After reviewing the Approval Motion, the Memorandum of Law in Support ("Memorandum of Law"), and the Declarations of Justin M. Swartz, Jason Conway, and Chuck Yezbak, supporting exhibits, and other supporting documents, the Court hereby finds as follows:

**The Settlement Is Approved.**

1. The Court approves and incorporates by reference all of the definitions contained in the Joint Stipulation of Settlement and Release ("Settlement Agreement").

2. The Court hereby approves the Settlement. Courts approve FLSA settlements that are reached as a result of contested litigation to resolve bona fide disputes.

3. Here, the Settlement meets the standard for approval. The Settlement is a fair, reasonable, and adequate resolution of a bona fide dispute over FLSA provisions. *See West v. Emeritus Corp.*, No. 15 Civ. 437, 2017 WL 2880394, at *1 (M.D. Tenn. July 5, 2017).

**The Settlement Notice and Distribution Plan Are Approved.**

4. The settlement Notice, as well as its proposed distribution plan, are hereby approved. The Notice sufficiently informs Collective Members of the terms of the Settlement. The Claims Administrator shall distribute the Notices according to the procedure set forth in the Settlement Agreement.

**The Service Awards Are Approved.**

5. The requested Service Awards to the Plaintiff and Opt-In Plaintiffs Alan Westing, Michael Noce, Antoinette Gray, Matthew Losak, Ericka Bennett, Steve Micchelli, Gary Melton, and Jonathan Shelton ("Opt-In Plaintiffs") are approved. The requested Service Awards are reasonable in light of the contributions the Plaintiff and Opt-In Plaintiffs made to advance the prosecution and resolution of this lawsuit. The amounts shall be paid from the Gross Settlement Fund.

**The Settlement Administrator Is Approved.**

6. The Court approves CAC Services Group, LLC as the Claims Administrator.

**The Attorneys' Fees and Costs Are Approved.**

7. Plaintiff's Counsel's request for attorneys' fees and costs is approved. The Court finds the requested fee award of $600,000.00 is reasonable in light of the benefit their efforts conferred on Collective Members, and because it is less than Plaintiff's Counsel's actual lodestar, which is itself presumptively reasonable. *See Blum v. Stenson*, 465 U.S. 886, 888 (1984); *The Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 702 (6th Cir. 2016);

*Williams v. Bevill*, No. 14 Civ. 82, 2016 WL 773230, at *3 (E.D. Tenn. Feb. 8, 2016), report and recommendation adopted, No. 14 Civ. 82, 2016 WL 792417 (E.D. Tenn. Feb. 29, 2016). The Court also finds that the $42,562.96 in costs and expenses incurred by Plaintiff's Counsel in litigating this matter are reasonable, and are therefore approved.

**Dismissal and Post-Dismissal Procedure**

8. The Litigation is hereby dismissed with prejudice, with costs as provided above.

9. The Court will retain jurisdiction over this action for purposes of enforcing the Settlement Agreement. Plaintiff or Plaintiff's Counsel may move to reopen the case if payments under the Settlement are not made timely.

10. The Parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

It is so ORDERED this ___ day of _____, 2020

_____
Honorable Eli J. Richardson
United States District Judge