# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| TERRY RATCLIFFE, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> V. <br><br> FOOD LION, LLC, <br><br> Defendant. | Case No.: 18-CV-01177 <br><br> Honorable Judge Eli J. Richardson <br><br> Magistrate Judge Alistair Newbern |

### DECLARATION OF JUSTIN M. SWARTZ IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT, SERVICE AWARDS, ATTORNEYS' FEES AND COSTS, AND DISMISSAL OF LAWSUIT

I, Justin M. Swartz, declare, pursuant to 28 U.S.C. § 1746, as follows:

1. I am a partner in the firm of Outten & Golden LLP ("O&G") in New York, New York, Plaintiff's counsel herein, and co-chair of its Class Action Practice Group. O&G is a 60+ attorney firm based in New York City that focuses on representing plaintiffs in a wide variety of employment matters, including individual and class action litigation involving wage and hour, discrimination, and harassment claims, as well as contract and severance negotiations.

2. Along with lawyers from Yezbak Law Office and Conway Legal, LLC, I am one of the lawyers primarily responsible for prosecuting Plaintiff's claims on behalf of the proposed collectives.

3. I make these statements based on personal knowledge and would so testify if called as a witness at trial.

**Background and Experience**

4. I received a Juris Doctor degree from DePaul University School of Law in 1998 with honors. Since then, I have exclusively represented plaintiffs in employment litigation and other employee rights matters.

5. I was admitted to the bar of the State of Illinois in 1998 and the bar of the State of New York in 2002. I am also admitted to the bars of the First and Second Circuit Courts of Appeals, the United States District Courts for the Western, Eastern, and Southern Districts of New York, and the Northern District of Illinois. I am a member in good standing of each of these bars.

6. From September 1998, through February 2002, I was associated with Stowell & Friedman, Ltd. in Chicago, Illinois, where I represented plaintiffs in class actions and multi-plaintiff employment discrimination cases. From March 2002 through October 2003, I worked for Goodman & Zuchlewski, LLP in New York City, where I represented employees in discrimination cases and other employee rights matters.

7. Since joining O&G in December 2003, I have been engaged primarily in prosecuting wage and hour class and collective actions and class action discrimination cases.

8. I am or was co-lead counsel on many wage and hour cases that district courts have certified as class actions and/or collective actions including *Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316, 2006 WL 2819730 (S.D.N.Y. Sept. 29, 2006), in which the Court granted summary judgment in favor of plaintiffs and a class of more than 300 grocery store employees, *see* 628 F. Supp. 2d 447 (S.D.N.Y. Aug. 28, 2008). Others include *Lauture v. A.C. Moore Arts & Crafts, Inc.*, No. 17 Civ. 10219, 2017 WL 6460244, at *1 (D. Mass. June 8, 2017) (same); *Blum v. Merrill Lynch & Co.*, Nos. 15 Civ. 1636, 15 Civ. 2960, slip op. at 2 (S.D.N.Y.

May 6, 2016) (same); *Puglisi v. T.D. Bank, N.A.*, No. 13 Civ. 637, 2015 WL 4608655, at *1 (E.D.N.Y. July 30, 2015) (certifying class and approving settlement of nationwide wage and hour class and collective action); *Aboud v. Charles Schwab & Co.*, No. 14 Civ. 2712, 2014 WL 5794655, at *2-4 (S.D.N.Y. Nov. 4, 2014) (same); *Perez v. Allstate Ins. Co.*, No. 11 Civ. 1812, 2014 WL 4635745, at *25 (E.D.N.Y. Sept. 16, 2014) (appointing O&G as class counsel); *Clem v. KeyBank*, No. 13 Civ. 789, 2014 WL 2895918, at *2-4 (S.D.N.Y. June 20, 2014) (certifying class and approving settlement of nationwide wage and hour class and collective action); *Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693, 2013 WL 5492998, at *2-4 (S.D.N.Y. Oct. 2, 2013) (certifying class action under New York Labor Law and appointing O&G as class counsel); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 472-76 (S.D.N.Y. 2013) (certifying class and approving settlement of nationwide wage and hour class and collective action).

9. I am a member of the National Employment Lawyers Association ("NELA") and formerly served on the Executive Board of its New York Chapter ("NELA/NY"). I recently served on the Fair Labor Standards Act Protocols Committee formed by the Institute for Advancement of the American Legal System ("IAALS"), which drafted IAALS's Initial Discovery Protocols for Fair Labor Standards Act Cases. I am a former co-chair of NELA's Fair Labor Standards Act Committee. I served on the Civil Rights Committee of the New York City Bar Association of the Bar of the City of New York from 2005 through 2008 and the Committee on Labor and Employment Law from September 2002 until June 2005. I was co-chair of the American Bar Association Labor and Employment Law Section Ethics and Professional Responsibility Committee from 2006 through 2009, and am a member of its Equal Employment Opportunity Committee.

10. I speak frequently on employment law issues, including wage and hour issues and

3

discrimination issues. I have recently been a faculty member for continuing legal education programs focused on employment law and ethics sponsored by the American Bar Association Section of Labor and Employment Law; the New York State Bar Association Labor and Employment Law Section; the New York City Bar Committee on Labor and Employment Law, NELA, and the Practicing Law Institute, among others.

11. In connection with my work, I regularly read the New York Law Journal, advance sheets, and other literature related to employment law and class action law developments. I attend workshops and seminars at least four times per year sponsored by NELA, NELA/NY, the American Bar Association, and other organizations.

12. O&G is nationally recognized for its expertise in litigating complex class actions, including wage and hour cases like this one. *See, e.g.*, *Williams v. Metro-N. R.R. Co.*, No. 17 Civ. 0384, 2018 WL 3370678, at *5 (S.D.N.Y. June 28, 2018), *report and recommendation adopted*, No. 17 CIV. 3847, 2018 WL 3368713 (S.D.N.Y. July 10, 2018) ("As is plain from their credentials summarized above and in more detail in their fee application, Plaintiff's counsel are of the highest quality with special expertise in the law of employment discrimination. This Court is well familiar with counsel's excellent reputation and observed their work in this case, which lived up to that reputation."); *Zamora v. Lyft, Inc.*, No. 03 Civ. 02558, 2018 WL 4657308, at *3 (N.D. Cal. Sept. 26, 2018) (appointing O&G as class counsel and noting O&G's "outstanding work on this case"); *Blum v. Merrill Lynch & Co.*, No. 15 Civ. 1636, 2017 WL 8784449, at *1 (S.D.N.Y. May 15, 2017) (noting that the attorneys at O&G "are experienced class action employment lawyers with good reputations among the employment law bar"); *Ballinger v. Advance Magazine Publishers, Inc.*, No. 13 Civ. 4036, 2014 WL 7495092, at *7 (S.D.N.Y. Dec. 29, 2014) (appointing O&G as class counsel, explaining that "[b]ased on the firm's performance

4

before [the court] in this and other cases and its work in the foregoing and other cases, [the court has] no question that it will prosecute the interests of the class vigorously"); *Beckman*, 293 F.R.D. at 477 (noting that O&G "are experienced employment lawyers with good reputations among the employment law bar"); *Yuzary v. HSBC USA, N.A.*, No. 12 Civ. 3693, 2013 WL 1832181, at *4 (S.D.N.Y. Apr. 30, 2013) (appointing O&G as class counsel); *Capsolas v. Pasta Resources Inc.*, No. 10 Civ. 5595, 2012 WL 1656920, at *2 (S.D.N.Y. May 9, 2012) (appointing O&G as class counsel and noting O&G attorneys "have years of experience prosecuting and settling wage and hour class actions, and are well-versed in wage and hour law and in class action law"); *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 622 (S.D.N.Y. 2012) (O&G attorneys "have substantial experience prosecuting wage and hour and other employment-based class and collective actions").

13.  Courts have repeatedly found O&G to be adequate class counsel in wage and hour class actions. *See, e.g.*, *Craighead v. Full Citizenship of Maryland, Inc.*, No. 17 Civ. 595, 2018 WL 3608743, at *5 (D. Md. July 27, 2018) (finding O&G "independently demonstrated to the Court the requisite knowledge and experience in this substantive area of [wage and hour] law, and have shown the capacity to vigorously represent the class"); *Straunch v. Computer Science Corp.*, 322 F.R.D. 157, 181 n.15 (D. Conn. June 30, 2017) (in wage and hour litigation, finding that O&G "adequately represent[s] the interests of the putative class"), *motion to decertify denied*, 2017 WL 4683993 (D. Conn. Oct. 18, 2017); *Perez*, 2014 WL 4635745, at *25 (appointing O&G as class counsel and noting that "O & G has the requisite experience in handling class actions . . . , are well versed in the applicable law, and have the resources necessary to represent the NYLL Class fairly and adequately"); *Jacob v. Duane Reade, Inc.*, 289 F.R.D. 408, 423 (S.D.N.Y. 2013) (appointing O&G as class counsel in assistant manager

5

misclassification case because it has "experience in handling class actions, sufficient knowledge of the pertinent law, and sufficient resources to commit to this representation"), *aff'd*, 602 F. App'x 3 (2d Cir. 2015); *Damassia v. Duane Reade, Inc.*, 250 F.R.D. at 165 (granting class certification and appointing O&G as class counsel in multi-state wage and hour class action); and *Torres*, 2006 WL 2819730 (grocery store co-manager misclassification case in which the court later granted summary judgment in favor of Plaintiffs and a class of more than 300 grocery store workers, *see* 628 F. Supp. 2d 447 (S.D.N.Y. 2008)); *cf. Houser v. Pritzker*, 28 F. Supp. 3d 222, 248, 255 (S.D.N.Y. 2014) (appointing O&G class counsel in nationwide Title VII litigation and noting that O&G "bring[s] to the case a wealth of class action litigation experience").

14. O&G also has frequently been appointed class counsel in class settlements, including, among others *Pickett v. Simos Insourcing Sols., Corp.*, 249 F. Supp. 3d 897, 899 (N.D. Ill. 2017) (appointing O&G class counsel); *Walsh v. CorePower Yoga LLC*, No. 16 Civ. 5610, 2017 WL 589199, at *8 (N.D. Cal. Feb. 14, 2017) (O&G has "a proven track record in the prosecution of class actions as they have successfully litigated and tried many major class action cases"); *Long v. HSBC USA Inc.*, No. 14 Civ. 6233, 2015 WL 5444651, at *9 (S.D.N.Y. Sept. 11, 2015) (O&G attorneys "have appeared in many major [Fair Labor Standards Act ("FLSA")] and state labor law cases"); *Puglisi v. TD Bank, N.A.*, No. 13 Civ. 637, 2015 WL 574280, at *4 (E.D.N.Y. Feb. 9, 2015) ("O & G has substantial experience prosecuting and settling nationwide wage and hour class and collective actions, and are well-versed in wage and hour law and class action law and are well-qualified to represent the interests of the class."); *Aboud*, 2014 WL 5794655, at *2-4 (certifying class and approving settlement of nationwide wage and hour class and collective action); *Zeltser v. Merrill Lynch & Co.*, No. 13 Civ. 1531, 2014 WL 4816134, at *8 (S.D.N.Y. Sept. 23, 2014) (O&G "are experienced employment lawyers with good

reputations among the employment law bar"); *Hanifin v. Accurate Inventory & Calculating Service, Inc.*, No. 11 Civ. 1510, 2014 WL 4352060, at *8 (N.D.N.Y. August 20, 2014) (same); *Clem*, 2014 WL 2895918, at *2-4 (finding O&G adequate counsel, certifying class, and approving settlement of nationwide wage and hour class and collective misclassification action); *Yuzary*, 2013 WL 5492998, at *2-4 (certifying class action under the NYLL and appointing O&G as class counsel); *Hernandez v. Merrill Lynch & Co., Inc.*, No. 11 Civ. 8472, 2012 WL 5862749, at *4 (S.D.N.Y. Nov. 15, 2012) (appointing O&G as class counsel, noting the firm's years of experience prosecuting and settling wage and hour class actions); *Capsolas*, 2012 WL 1656920, at *2 (certifying class and approving settlement of wage and hour class action brought under New York and federal law); *Sewell v. Bovis Lend Lease, Inc.*, No. 09 Civ. 6548, 2012 WL 1320124, at *12 (S.D.N.Y. Apr. 16, 2012) (O&G "have prosecuted and favorably settled many employment law class actions, including wage and hour class actions"); *Palacio v. E*Trade Financial Corp.*, No. 10 Civ. 4030, 2012 WL 1058409, at *1-2 (S.D.N.Y. Mar. 12, 2012) (certifying class and approving settlement of wage and hour class action brought under New York, California, and federal law).

15. Deirdre Aaron is a Partner at O&G's New York office and a member of the firm's Class Action Practice Group. She joined O&G in 2012. Before O&G, she worked as a Staff Attorney for the United States Court of Appeals for the Eighth Circuit. Ms. Aaron received her B.A. from Northwestern University in 2004, and her J.D., *magna cum laude* and Order of the Coif, from Washington University in St. Louis in 2010. Ms. Aaron is admitted to the practice in New York and Pennsylvania, the U.S. District Courts for the Southern, Eastern, and Western Districts of New York and the Eastern District of Pennsylvania, and the U.S. Second Circuit Court of Appeals.

16. Laura Iris Mattes is an associate at O&G in the class action practice group. She graduated from the University of California, Berkeley School of Law and clerked for the Honorable William Orrick III of the United States District Court, Northern District of California. She joined O&G's San Francisco office in 2016, where she litigates employment matters on behalf of plaintiffs. Ms. Mattes is admitted to practice in California and the U.S. District Court of Northern California.

17. Maya S. Jumper is an Associate at O&G in the firm's Class Action Practice Group. Prior to joining O&G in September 2018, Ms. Jumper served as law clerk to the Hon. Damon J. Keith on the U.S. Court of Appeals for the Sixth Circuit, the Hon. Deborah A. Robinson on the U.S. District Court for the District of Columbia, and the Hon. Eric T. Washington, former chief judge of the District of Columbia Court of Appeals. Prior to serving as a judicial law clerk, Ms. Jumper received her J.D. from American University Washington College of Law in 2015, magna cum laude and Order of the Coif, and her B.A. from the University of North Carolina at Chapel Hill. Ms. Jumper is admitted to practice in the state of New York, the U.S. District Court for the District of Columbia, and the U.S. Court of Appeals for the Sixth Circuit.

**Overview of Investigation, Litigation, and Settlement Negotiations**

18. Before initiating this action, Plaintiff's Counsel conducted a thorough investigation into the merits of the potential claims and defenses and conducted in-depth interviews of multiple ASMs. Plaintiff's Counsel focused their investigation and legal research on the underlying merits of the potential collective action members' claims, the damages to which they were entitled, and the propriety of collective action certification.

19. On March 28, 2018, Plaintiff contacted Defendant in an effort to explore pre-

8

Case 3:18-cv-01177   Document 141   Filed 10/08/20   Page 8 of 16 PageID #: 1519

litigation resolution of the ASM's claims.

20. Food Lion agreed to toll the statute of limitations to enable the parties to engage in pre-suit negotiations, and produced data to allow Plaintiff to calculate damages, including data showing the number of potential collective members in the job title, salaries and other pay, and hours worked. Plaintiff's Counsel analyzed this data and constructed a damages model.

21. On July 19, 2018, the Parties attended a day-long, pre-suit mediation but the case did not resolve. The Parties continued to negotiate after the mediation, but were unable to reach a pre-suit compromise.

22. As of this filing, 131 collective members have joined this lawsuit.

23. In the weeks following the end of the notice period, the Parties negotiated the framework for opt-in discovery, submitted a revised scheduling order, and appeared for a case management conference. During this period, the Parties agreed that renewing settlement discussions could be fruitful and agreed to engage a private mediator to explore the possibility of settlement.

24. In advance of the second mediation, Defendant produced updated data to Plaintiff to allow the Parties to calculate damages based on the current collective. Plaintiff's Counsel carefully reviewed the documents Food Lion produced, including payroll records and multiple years of wage and hour information including hourly rates, bonuses, and other pay components. The Parties drafted mediation briefs setting forth their respective positions as to liability and damages.

25. Plaintiff's Counsel also obtained detailed information from approximately 20 Opt-In Plaintiffs through extensive interviews with them in connection with obtaining declarations

26. On August 17, 2020, the Parties conducted a remote, full-day mediation with Michael Russell, a well-regarded mediator who is experienced in employment law class and collective actions. The following day, the Parties reached an agreement in principle on the terms of the settlement, which were memorialized in a formal Settlement Agreement that was finalized by the Parties on October 8, 2020.

### Attorneys' Fees

27. Under the Settlement Agreement, Plaintiff's Counsel will seek Court approval for $600,000 as attorneys' fees, plus reimbursement of $42,562.96, which represents reasonable out-of-pocket costs and expenses incurred in litigation and resolving this matter.

### The Support of Plaintiffs' Counsel and the Plaintiffs Favors Approval

28. The settlement amount is reasonable in light of the considerable risk that Plaintiff faced. The Gross Settlement Amount represents a substantial percentage of Collective Members' lost wages.

29. The Gross Settlement Amount represents a gross per-workweek amount averaging approximately $63 for each Eligible Work Week worked by Collective Members.

30. By Plaintiff's Counsel's estimation, this is a substantial percentage of the collective's lost wages.

### Service Awards

31. The Service Awards recognize the time and effort each expended in furtherance of the litigation and settlement, including initiating the lawsuit and informing counsel of the facts underlying their claims, providing facts and documents to counsel, submitting declarations, conferring with counsel about the lawsuit, and assisting with the mediation and damages analysis.

32. Plaintiff agreed to bring the action in her name, to be deposed, and to testify if there was a trial.

**Attorneys' Fees and Litigation Costs**

33. Plaintiff's request for attorneys' fees incurred in litigating and settling this matter is considerably less than Plaintiff's Counsel's actual "lodestar" of $894,018.50.

34. Plaintiff's Counsel's lodestar is reasonable because it was calculated by multiplying the reasonable number of hours worked (which were contemporaneously recorded) by the actual current hourly rate of each attorney.

35. Through September 25, 2020, Plaintiff's Counsel has spent approximately 1,858 attorney, paralegal, and support staff hours prosecuting and negotiating the settlement of this case. Multiplying these hours by the hourly rate of each attorney, paralegal, and staff member results in a lodestar of $894,018.50.

36. O&G has spent more than 1,572 attorney and paralegal hours pursuing this action with their co-counsel. O&G proactively omitted the time of any attorney or paralegal who worked fewer than five hours on this case. A summary of time spent by each attorney and paralegal, as well as their hourly rates and lodestar is summarized below:

| Name | Initials | Position | O&G Rate | Hours | O&G Total |
|---|---|---|---|---|---|
| Justin Swartz | JMS | Partner | $ 990.00 | 168.7 | $167,013.00 |
| Deirdre A. Aaron | DAA | Partner | $ 575.00 | 384.1 | $220,857.50 |
| Michael N. Litrownik | MNL | Of Counsel | $ 525.00 | 52.4 | $ 27,510.00 |
| Moira Heiges-Goepfert | MHG | Associate | $ 525.00 | 17.4 | $ 9,135.00 |
| Iris Mattes | LIM | Associate | $ 375.00 | 392.6 | $147,225.00 |
| Maya S. Jumper | MSJ | Associate | $ 375.00 | 296.8 | $111,300.00 |
| Morgan Marshall-Clark | MMC | Associate | $ 475.00 | 18.3 | $ 8,692.50 |
| Danica Li | DXL | Staff Attorney | $ 280.00 | 10.4 | $ 2,912.00 |
| Alec Martin | ALM | Paralegal | $ 270.00 | 15.1 | $ 4,077.00 |
| Caroline M. Carr | CMC | Paralegal | $ 270.00 | 25.5 | $ 6,885.00 |
| Christopher C. Alter | CCA | Paralegal | $ 270.00 | 5.6 | $ 1,512.00 |
| Christopher Truong | CXT | Paralegal | $ 270.00 | 164.6 | $ 44,442.00 |
| Konnie Dominguez | KD | Paralegal | $ 270.00 | 5.4 | $ 1,458.00 |
| SF Law Clerk | SFLC | Law Clerk | $ 250.00 | 15.4 | $ 3,850.00 |
| **TOTAL** | | | | **1572.3** | **$756,869.00** |

37. The hourly rates used by O&G in calculating their fees are reasonable and appropriate, are the rates they typically charge, and are consistent with prevailing rates. *See, e.g., Zamora v. Lyft, Inc.*, No. 16 Civ. 02558, 2018 WL 4657308, at *3 (N.D. Cal. Sept. 26, 2018) (appointing Outten & Golden as class counsel in wage and hour case on behalf of drivers, and approving rates ranging from $280 to $850 as "reasonable in light of the market for legal services of this type and quality"); *del Toro Lopez v. Uber Techs., Inc.*, No. 17 Civ. 6255, 2018 WL 5982506, at *4 (N.D. Cal. Nov. 14, 2018) (appointing Outten & Golden as class counsel and approving Outten & Golden's hourly rates of $250 to $850); *Walsh v. CorePower Yoga LLC*, No. 16 Civ. 05610, 2017 WL 4390168, at *10 (N.D. Cal. Oct. 3, 2017) (approving Outten & Golden attorney rates ranging from $200 to $775 per hour as "in line with the overall range of market rates in this District for attorneys and for litigation support staff of similar abilities and experience").

38. O&G ordinarily and regularly bills its clients on an hourly fee basis, based upon

each attorney's standard hourly rate. The firm's hourly clients regularly accept and pay O&G's hourly rates.

39. The requested fee divided by the hours worked on the case yields an effective hourly rate of approximately $323 – only 81% of their actual blended hourly rate of $397.

40. Because the attorneys' fees were negotiated after reaching agreement on the substantive terms of the Gross Settlement Fund, there is no conflict of interest that could have affected the Gross Settlement Amount.

41. Plaintiffs' Counsel undertook to prosecute this action without any assurance of payment for their services, litigating the case on a wholly contingent basis in the face of significant risk. Any lawyer undertaking representation of large numbers of affected employees in wage and hour actions inevitably must be prepared to make a tremendous investment of time, energy and resources. Due also to the contingent nature of the customary fee arrangement, lawyers are asked to be prepared to make this investment with the very real possibility of an unsuccessful outcome and no fee of any kind. Plaintiffs' Counsel stood to gain nothing in the event the case was unsuccessful.

42. Plaintiffs' Counsel take on difficult cases like this one because we believe that they are important. We take seriously our responsibility to push the law in a direction favorable for employees. We continue to do so despite, unfortunately, having suffered several major (and very expensive) losses in wage and hour cases over the years. Like this case, we believed that each of these cases was meritorious but understood the risks. For example, in *Pippins v. KPMG LLP*, No. 11 Civ. 377, 2012 WL 6968332 (S.D.N.Y. Nov. 30, 2012), a professional exemption case on behalf of junior auditors on which O&G was counsel, we lost on summary judgment and on appeal after O&G spent $2,298,699.45 in lodestar. In *Clarke v. JPMorgan Chase Bank, N.A.*,

13

Case 3:18-cv-01177   Document 141   Filed 10/08/20   Page 13 of 16 PageID #: 1524

No. 08 Civ. 2400, 2010 WL 1379778 (S.D.N.Y. Mar. 26, 2010), the court granted summary judgment against Plaintiff, holding that IT workers were exempt under the computer professional exemption. O&G, which was one of three co-counsel firms, spent $631,985.00 in lodestar and $15,428.39 in out of pocket expenses in that case alone. O&G also represented the Plaintiff in *Glatt v. Fox Searchlight Pictures, Inc.*, No. 11 Civ. 6784 (S.D.N.Y.) and *Wang v. Hearst Corp.*, No. 12 Civ. 793 (S.D.N.Y.), among the first unpaid intern lawsuits in the Second Circuit. Both cases have been hard fought by the firm, including on an appeal to the Second Circuit that was decided against the interns. Nonetheless, these cases raised awareness among the general public of the issues surrounding unpaid interns, and spawned dozens of similar lawsuits brought by other firms.

43. O&G has also invested substantial resources in other risky cases that resulted in no recovery. In *Barenboim v. Starbucks Corp.*, 21 N.Y.3d 460 (2013), we lost at the New York Court of Appeals after investing $2,142,764.75 in lodestar and $70,925.40 in out of pocket expenses. In *LaMarca v. The Great Atlantic & Pacific Tea Co.*, the Defendants filed for bankruptcy after the firm had invested $2,953,808.95 in lodestar.

44. To date, Plaintiffs' Counsel's efforts have been without compensation, and their entitlement to payment has been wholly contingent upon the result achieved.

45. Plaintiff's Counsel will continue to accrue fees as the spend additional time implementing and monitoring the Settlement. Among other things, Plaintiff's counsel will respond to Collective Members' questions (including after the fund is distributed), and supervise the Claims Administrator and administration process.

14

46. In addition to the requested fee award, Plaintiff's Counsel has expended reasonable out-of-pocket costs in the amount of $42,562.96 in litigating and settling this matter, including filing fees, mediation expenses, Westlaw costs, photocopies, and postage.

47. O&G's total out-of-pocket costs and expenses for this case are approximately $39,993.87. These costs and expenses are summarized below:

| Costs Summary | |
|---|---|
| Categories | Costs |
| Computerized Research | $6,074.56 |
| Court Filing Fees | $138.00 |
| FedEx/UPS | $363.80 |
| Meals | $393.10 |
| Mediation Fees | $12,700.00 |
| Notice Administrator | $8,832.46 |
| Postage | $7.75 |
| Print/Scan/Copy | $403.00 |
| Telephone Charges | $24.18 |
| Travel | $9,804.48 |
| Website Design/Hosting Cost | $1,252.54 |
| **Grand Total** | **$39,993.87** |

48. O&G's expenses were incidental and necessary to the representation of Plaintiffs and Collective Members and are in line with costs charged to individual clients who pay out of pocket.

**Exhibits**

49. Attached hereto as **Exhibit 1** is the Joint Stipulation of Settlement and Release ("Settlement Agreement") and accompanying exhibits.

\*   \*   \*

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 8, 2020
    New York, New York                    Respectfully submitted,

*/s/  Justin M. Swartz*
Justin M. Swartz

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000